IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANCE PHILLIPS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 15-2884 (JBS) |
| STEPHEN D'ILLIO, et al., | |
| Respondents. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1).

1.  Petitioner has submitted an application to proceed *in forma pauperis*, including a certified institutional account statement. Based on Petitioner's affidavit of indigency, his application shall be granted.

2.  In 1994, Petitioner was sentenced by the New Jersey Superior Court, Law Division, Camden County to life imprisonment, plus forty years and a fifty-year parole disqualifier for purposeful or knowing murder, N.J. STAT. ANN. § 2C:11-3(a)(1)-(2); felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3); attempted murder, N.J. STAT. ANN. §§ 2C:5-1, 11-3(a)(1); and other offenses. *See State v. Phillips*, 731 A.2d 101, 102-03 (N.J. Super. A.D. 1999).

3. On appeal, the Appellate Division reversed and remanded for a new trial. *Id.* at 109.

4. Petitioner was retried more than two years later, and was convicted of felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3); robbery, N.J. STAT. ANN. § 2C:15-1; and aggravated assault, N.J. STAT. ANN. § 2C:12-1(b)(4). He was sentenced to life imprisonment with thirty years of parole ineligibility. *State v. Phillips*, 2008 WL 2435585, *1 (N.J. Super. A.D. June 18, 2008) (citing *State v. Phillips*, A-5660-01 (App. Div. Sept. 24, 2004) (unpublished)).

5. The New Jersey Supreme Court denied certification on January 13, 2005. *State v. Phillips*, 866 A.2d 984 (N.J. 2005).

6. Petitioner filed a Petition for post-conviction relief ("PCR") in the Superior Court of New Jersey on September 22, 2006. (Docket Entry 1 ¶ 11(a)).

7. The trial court denied the PCR application, and the Appellate Division affirmed. *State v. Phillips*, 2008 WL 2435585, *1 (N.J. Super. A.D. June 18, 2008). The New Jersey Supreme Court granted certification and summarily remanded to the trial court for further hearings on Petitioner's ineffective assistance of counsel claims. *State v. Phillips*, 970 A.2d 1043 (N.J. 2009).

8. After conducting the hearings as mandated by the Supreme Court, the trial court again denied Petitioner's PCR application. The Appellate Division affirmed, *State v. Phillips*, 2014 WL 4428327 (N.J. Super. A.D. Sept. 10, 2014), and the Supreme Court denied certification, *State v. Phillips*, 110 A.3d 932 (N.J. 2015).

9. Petitioner filed this Petition for Writ of Habeas Corpus on April 17, 2015. (Docket Entry 1).

10. Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

11. Petitioner's direct appeal concluded on January 13, 2005. *State v. Phillips*, 866 A.2d 984 (N.J. 2005). Petitioner's conviction became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have sought certification from the United States Supreme Court, April 14, 2005.

12. AEDPA's one-year statute of limitations therefore expired on April 14, 2006, well before Petitioner filed the instant petition on April 17, 2015. (Docket Entry 1).

13. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In other words, AEDPA's statute of limitations is statutorily tolled during the pendency of any "properly filed" collateral attack in the state courts.

14. Petitioner filed his PCR application in the Superior Court of New Jersey on September 22, 2006. (Docket Entry 1 ¶ 11(a)).

15. As the statute of limitations under AEDPA had already expired by the time Petitioner filed his PCR application, Petitioner is not entitled to statutory tolling on his federal habeas petition.

16. However, AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

17. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

18. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his

lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

19. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

20. "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.*

21. In the interests of justice, Petitioner shall be ordered to show cause why his Petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

22. Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations as of the date that the one-year limitations period expired on April 14, 2006.


**May 6, 2015**                               **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge