```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LANCE PHILLIPS,<br><br>    Petitioner,<br><br>    v.<br><br>STEPHEN D'ILLIO, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-2884 (JBS)<br><br>**OPINION** |

APPEARANCES:

LANCE PHILLIPS, Petitioner pro se
#260890/694159B
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey 08302

**SIMANDLE, Chief Judge:**

I.  INTRODUCTION

    Before the Court is Petitioner Lance Phillips' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1). Petitioner challenges his life sentence, with a thirty-one-and-a-half-year parole disqualifier, on the grounds that his attorney rendered ineffective assistance. Upon initial review of this petition, the Court noted that on its face, it appeared the petition was untimely under the limitations period of 28 U.S.C. § 2244. The Court issued an Order to Show Cause inviting Petitioner to address this issue, (Docket Entry 3), to which Petitioner responded,

(Docket Entries 4 and 5). For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

**II.   BACKGROUND**

In 1994, Petitioner was sentenced by the New Jersey Superior Court, Law Division, Camden County to life imprisonment, plus forty years and a fifty-year parole disqualifier for purposeful or knowing murder, N.J. STAT. ANN. § 2C:11-3(a)(1)-(2); felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3); attempted murder, N.J. STAT. ANN. §§ 2C:5-1, 11-3(a)(1); and other offenses. *See State v. Phillips*, 731 A.2d 101, 102-03 (N.J. Super. App. Div. 1999).[1] On appeal, the Appellate Division reversed and remanded for a new trial. *Id.* at 109.

The retrial occurred more than two years later, and resulted in convictions for felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3); first-degree robbery, N.J. STAT. ANN. § 2C:15-1; and fourth-degree aggravated assault, N.J. STAT. ANN. § 2C:12-1(b)(4). "The jury acquitted [Petitioner] of purposeful or knowing murder, the three counts of attempted murder, and

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York,* 577 F.3d 521, 525 (3d Cir. 2009). *See also* 28 U.S.C. § 2254 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

possession of a firearm for an unlawful purpose." *State v. Phillips*, No. A-0031-07T4, 2008 WL 2435585, at *1 (N.J. Super. Ct. App. Div. June 18, 2008). He was sentenced to life imprisonment with thirty years of parole ineligibility and a consecutive eighteen-month term. *Ibid.* The Appellate Division affirmed the convictions and sentence, *State v. Phillips*, No. A-5660-01 (N.J. Super. Ct. App. Div. Sept. 24, 2004) (unpublished), and the New Jersey Supreme Court denied certification on January 13, 2005, *State v. Phillips*, 866 A.2d 984 (N.J. 2005).

On September 22, 2006, Petitioner filed a petition for post-conviction relief ("PCR") in the Superior Court of New Jersey. (Docket Entry 1 ¶ 11(a)). He alleged that he "was denied the effective assistance of counsel at his retrial because the trial court denied his new attorney a continuance to permit further trial preparation." *Phillips*, 2008 WL 2435585, at *2. The trial court denied the petition without an evidentiary hearing on July 19, 2007. (Docket Entry 1 ¶ 11(a)). The Appellate Division agreed that Petitioner had failed to set forth a prima facie case of ineffective assistance of counsel and affirmed the judgment of the trial court. *Phillips*, 2008 WL 2435585. The New Jersey Supreme Court, however, granted certification and summarily remanded to the trial court for

3

further hearings on Petitioner's claims. *State v. Phillips*, 970 A.2d 1043 (N.J. 2009).

After conducting the hearings as mandated by the Supreme Court, the trial court denied Petitioner's PCR application again on June 30, 2011. The Appellate Division affirmed, *State v. Phillips*, No. A-2638-11, 2014 WL 4428327 (N.J. Super. App. Div. Sept. 10, 2014), and the Supreme Court denied certification on March 18, 2015, *State v. Phillips*, 110 A.3d 932 (N.J. 2015).

Petitioner filed this Petition for Writ of Habeas Corpus on April 17, 2015. (Docket Entry 1). By Memorandum Opinion and Order dated May 6, 2015, this Court ordered Petitioner to show cause why his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1). (Docket Entries 2 and 3). Petitioner submitted a response to the order on May 28, 2015, (Docket Entry 4), and a supplement on June 9, 2015, (Docket Entry 5).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d

4

Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. DISCUSSION**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

5

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal concluded on January 13, 2005. *State v. Phillips*, 866 A.2d 984 (N.J. 2005). Petitioner's conviction became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have petitioned for certiorari from the United States Supreme Court, April 14, 2005. AEDPA's one-year statute of limitations therefore expired on April 17, 2006,[2] well before Petitioner filed the instant petition on April 17, 2015. (Docket Entry 1).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Petitioner, however, cannot avail himself of statutory tolling because AEDPA's statute of limitations expired prior to the filing of his PCR petition on September 22, 2006. (Docket Entry 1 ¶ 11(a)). The petition is therefore untimely under AEDPA and must be dismissed, unless there is a basis for the application of

---

[2] April 15, 2006 was a Saturday. Fed. R. Civ. Pro. 6(a)(1)(C).

6

equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding § 2244(d) is subject to equitable tolling in appropriate cases).

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid*.

In response to this Court's Order to Show Cause, Petitioner argues he should be given the benefit of equitable tolling because he has been diligently pursuing his rights before the

7

state courts. (Docket Entry 4 at 2). He states that he and his family began the process of hiring an attorney to represent him in his PCR proceedings immediately following the New Jersey Supreme Court's denial of certification. (Docket Entry 4 at 3). PCR counsel was hired between July and August of 2005. (Docket Entry 4 at 3). Petitioner further states that his counsel could not file the PCR petition, thereby tolling AEDPA's statute of limitations, before September 22, 2006, because of the necessity of investigating Petitioner's claims and obtaining a statement from Petitioner's trial counsel regarding his purported ineffectiveness, which was not obtained until August 2006. (Docket Entry 4 at 3-4); (Docket Entry 5 at 2). "[] Petitioner was faced with a critical legal dilemma. He could not file a timely habeas petition because his ineffective assistance of counsel claim had not been exhausted yet, nor could he file a PCR petition to stop the federal clock since said claim was not yet developed nor available." (Docket Entry 4 at 5).

The petition and submissions in response to the Order to Show Cause indicate Petitioner has been diligently pursuing his claims. He has not demonstrated that some "extraordinary circumstance" prevented him from filing his § 2254 petition within AEDPA's statute of limitations, however. Petitioner argues he could not have filed a timely habeas petition as he had to exhaust his state court remedies, but that requirement

8

does not constitute an extraordinary circumstance as it did not necessarily preclude a timely habeas filing. Petitioner was represented by counsel for over half of the limitations period, and counsel or Petitioner could have filed a "protective" petition in this Court prior to the expiration of the statute of limitations. *See Pace,* 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid th[e] predicament [of untimeliness] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)); *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (holding "procedural conundrum" of being required to exhaust state court remedies before filing § 2254 petition did not warrant equitable tolling) (citing *Pace*). The fact that it took several months to obtain an affidavit from trial counsel also does not constitute an extraordinary circumstance. *See Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (holding difficulty in obtaining affidavit from trial counsel does not constitute extraordinary circumstances warranting equitable tolling), *cert. denied*, 132 S. Ct. 190 (2011).

To the extent Petitioner's submissions could be interpreted as arguing PCR Counsel's failure to file a protective petition constitutes extraordinary circumstances, that argument would

9

also fail. Courts have "recognized that in some cases an attorney's malfeasance, when combined with reasonable diligence on the part of the petitioner in pursuit of his rights, may warrant equitable tolling of the statute of limitations." *Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013); *cf. Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (noting that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling" (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007))). Here, Petitioner indicates his PCR Counsel acted with "diligent persistence" in pursuing his case. (Docket Entry 4 at 7). Applying equitable tolling in this case where Plaintiff does not allege any malfeasance on the part of counsel would extend the doctrine far beyond its limited application. *See Ross*, 712 F.3d at 799 ("[A] court should be sparing in its use of the [equitable tolling] doctrine.").

As nothing in Petitioner's submissions to this Court indicates there was an obstacle beyond Petitioner's control that necessarily prevented him from filing a timely petition, there is no basis for equitable tolling. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (noting district courts "should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where [it] is demanded by

10

sound legal principles as well as the interests of justice." (internal citations and quotation marks omitted) (alteration in original)). The petition must therefore be dismissed as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**V. CONCLUSION**

For the reasons state above, the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of

appealability shall issue. An accompanying Order will be entered.

| | |
|---|---|
| **January 4, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |

12